**Dr. Pepi SCHAFLER, Plaintiff–Appellant,**

v.

**Frank A. ALOI, Defendant–Appellee.**

**Docket No. 01–7936.**

United States Court of Appeals, Second Circuit.

April 10, 2002.

Pepi Schafler, Pro Se Plaintiff, Walnut Creek, CA, for Appellant.

Frank A. Aloi, Pro Se Defendant, Law Office of Frank A. Aloi, Esq., Rochester, NY, for Appellee.

Present CARDAMONE, PARKER and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the United States District Court for the Western District of New York be and it hereby is AFFIRMED.

Plaintiff-appellant Dr. Pepi Schafler, pro se and fee-paid, appeals from the judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge* ), entered on July 19, 2001, granting defendant-appellee Frank A. Aloi's motion for summary judgment, denying Schafler's cross-motion for summary judgment, and dismissing Schafler's complaint in its entirety with prejudice. In her complaint, Schafler set forth various claims sounding in libel, slander, invasion of privacy, racketeering, conspiracy, terrorism, fraud, perjury, harassment, filing false documents, malpractice, breach of professional responsibility duties, "severe harm and economic loss" (which the court liberally construed as a prima facie tort claim), negligent infliction of emotional distress, and intentional infliction of emotional distress. The district court carefully addressed each of these claims.

First, the court dismissed the libel, slander, invasion of privacy, intentional infliction of emotional distress, harassment, conspiracy to libel, and conspiracy to slander claims on the basis of New York's one-year statute of limitations. Second, the court determined that the plaintiff had failed to state a claim upon which relief can be granted for the terrorism, perjury, filing false documents, lack of candor before judicial tribunals, and remaining conspiracy-based claims. Third, the court determined that the plaintiff had failed to state a prima facie case for the legal malpractice, breach of professional responsibility duties, negligent infliction of emotional distress, "severe harm and economic loss," fraud, and racketeering claims. We find no error in the court's thorough analysis.

Accordingly, for substantially the same reasons as set forth by the district court, we AFFIRM.